UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GRETCHEN MOLOTKY,

    Plaintiff,                                      Hon. Janet T. Neff

v.                                                             Case No. 1:17-cv-523

BRUCE CAPEL, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Motion to Dismiss, (ECF No. 9), Defendant's Motion to Dismiss, (ECF No. 16), and Plaintiff's Motion for Default Judgment, (ECF No. 12). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be **denied** and Defendants' motions both be **granted**.

## BACKGROUND

Plaintiff initiated this action in state court on April 20, 2017, against: (1) Bruce Capel; (2) Argent Mortgage Company, LLC (hereinafter Argent Mortgage); (3) Potestivo & Associates, P.C. (hereinafter Potestivo); (4) Argent Securities, Inc., Asset-Back Pass-Through Certificates, Series 2006-W1 (hereinafter Argent Securities); and (5) Deutsche Bank National Trust Company, as Trustee in Trust for the Benefit of the Certificateholders for Argent Securities, Inc., Asset-Back Pass-Through

Certificates, Series 2006-W1 (hereinafter Deutsche Bank).  In her complaint, Plaintiff has advanced several claims all with the same goal, to rescind the foreclosure and sale of her former residence.

The following facts are not in dispute.  In 2005, Plaintiff obtained a loan in the amount of $141,100 in return for which Plaintiff executed a mortgage on her residence.  (ECF No. 10, Exhibit 1).  Plaintiff defaulted on her loan obligations in 2009 after which foreclosure proceedings were initiated.  (ECF No. 18, Exhibit A).  In February 2010, Plaintiff's residence was sold at auction.  (ECF No. 10, Exhibit 7).  In July 2010, prior to the expiration of the statutory redemption period, Plaintiff made payment in the amount of $17,338.02, after which the sale of her residence was rescinded and the original mortgage reinstated.  (ECF No. 10, Exhibit 7; ECF No. 18, Exhibit A).  In 2014, Plaintiff again defaulted on her loan obligations after which foreclosure proceedings were again initiated.  (ECF No. 18, Exhibit A).  Plaintiff's residence was sold at auction in October 2016 to Deutsche Bank.  (ECF No. 10, Exhibit 9).  Plaintiff alleges that Deutsche Bank transferred the property to Bruce Capel in January 2017.  (ECF No. 1, Exhibit A).

In April 2017, Plaintiff initiated the present action seeking to rescind the foreclosure and sale of her residence.  On June 9, 2017, Defendant Deutsche Bank removed the matter to this Court on the basis of diversity jurisdiction.  Defendants Capel and Deutsche Bank subsequently moved to dismiss Plaintiff's claims.  Plaintiff failed to respond to either motion.  Plaintiff has, however, moved for the entry of default judgment against several Defendants.

## ANALYSIS

**I.        Removal and Subject Matter Jurisdiction**

Before addressing the merits of the parties' motions, the Court must examine whether removal of this action was proper and, relatedly, whether jurisdiction is proper in this Court.

   A.     Propriety of Removal

Except where expressly foreclosed by federal statute, a civil action initiated in state court may be removed by the defendants to federal district court so long as the action is one over which the federal district court would have original jurisdiction.  *See* 28 U.S.C. § 1441(a).  When a civil action is removed pursuant to this authority, however, "all defendants who have been *properly joined and served* must join in or consent to the removal of the action."  28 U.S.C. § 1446(b)(2)(A).  Of the five defendants named in this action, only Deutsche Bank has consented to removal.[1]  Thus, the question becomes whether the failure by the other four defendants to join in Deutsche Bank's act of removal requires that the matter be remanded to state court for improper removal.

Because service has not yet been effected on Defendant Argent Mortgage, its consent is not required to properly effect removal.  As for Defendant Argent Securities, Plaintiff asserts in her complaint that Argent Securities is a trust for which Deutsche Bank acts as trustee, a characterization which Deutsche Bank does not dispute.  As Deutsche Bank notes, however, when pursuing legal action against a trust, the proper party defendant is the trustee because a trust is not a separate legal entity amenable to legal action.  *See, e.g., Meznarich v. Morgan Waldron Insurance Management,*

---

[1] While Deutsche Bank asserts that Defendant Potestivo "consents to removal," Deutsche Bank has failed to provide the Court with any affirmative statement from Potestivo manifesting their consent to removal.  Thus, for present purposes the Court will assume that Deutsche Bank is the only defendant that has properly consented to removal.

*LLC*, 2011 WL 4633915 at *3 (N.D. Ohio, Sept. 30, 2011); *Trident Trust Co. (UK) Ltd. v. Anglo-American Credit Union, Inc.*, 2008 WL 2599891 at *2 (S.D. Ohio, June 26, 2008). Thus, because Argent Securities is not properly joined as a defendant, its consent is not necessary to properly effect removal.

As for Defendants Capel and Potestivo, Plaintiff alleges that both are Michigan citizens. Because Plaintiff is also a Michigan citizen, Deutsche Bank's assertion of diversity jurisdiction would appear to be improper. However, because Defendants Capel and Potestivo have been fraudulently joined as defendants, their citizenship is not considered and their consent is not necessary to properly effect removal. *See Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 432-33 (6th Cir. 2012) (fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds); *Gipson v. State Farm Mutual Auto. Ins. Co.*, 2008 WL 11319733 at *2 (W.D. Tenn., Dec. 2, 2008) (defendant need not obtain consent of fraudulently joined defendants to properly effect removal).

A defendant is fraudulently joined if it is "clear that there can be no recovery under the law of the state on the cause alleged or on the facts in view of the law." *Casias*, 695 F.3d at 432-33. The relevant inquiry is whether there exists "a colorable basis for predicting that a plaintiff may recover against a defendant." *Id.* At 433. The removing defendant bears the burden to make the requisite showing. *Ibid.* Because Plaintiff cannot prevail on her claims against Defendants Capel and Potestivo, the Court concludes that they have been fraudulently joined in this matter.

Plaintiff alleges in her complaint that her home was foreclosed by advertisement, also known as non-judicial foreclosure.[2] When a house is foreclosed in this manner, the mortgagor is

---

[2] Foreclosure by advertisement is expressly permitted by Michigan law. *See* Mich. Comp. Laws § 600.3204; *Senters v. Ottawa Sav. Bank*, *FSB*, 503 N.W.2d 639, 641 (Mich. 1993).

afforded a six-month period to redeem the property.  *See Conlin v. Mortgage Electronic Registration Systems, Inc.*, 714 F.3d 355, 359 (6th Cir. 2013) (interpreting Michigan law).  However, once this statutory redemption period expires, "the mortgagor's right, title, and interest in and to the property are extinguished."  *Ibid.* (interpreting Michigan law).  Moreover, initiating legal action does not toll the statutory redemption period.  *See Bethel Deliverance Tabernacle International v. Vigneron*, 2016 WL 1719143 at *2 (Mich. Ct. App., Apr. 28, 2016); *Gorbach v. US Bank National Assoc.*, 2014 WL 7440290 at *4 (Mich. Ct. App., Dec. 30, 2014).

Once the statutory redemption period expires, a foreclosure sale can be set aside only where the mortgagor makes "a clear showing" of fraud "related to the foreclosure process itself." *Garcia v. Federal National Mortgage Assoc.*, 2014 WL 2210784 at *3-4 (W.D. Mich., Apr. 30, 2014) (interpreting Michigan law).  The mortgagor must further demonstrate that "she was prejudiced by the defendant's failure to comply with the requirements of the foreclosure statute."  *Id.* At *4 (interpreting Michigan law).  To make this showing, the mortgagor must show "that she would have been in a better position to preserve her interests absent the fraud."  *Ibid.* (interpreting Michigan law). Because Plaintiff has not alleged that Defendants Capel or Potestivo committed fraud "related to the foreclosure process itself," she cannot avail herself of this exception.[3]  Thus, because the six-month redemption period long ago expired, Plaintiff's rights in the subject property have been extinguished and her claims against Defendants Capel or Potestivo fail.

In sum, the only defendant properly joined and served in this matter is Deutsche Bank which alleges it is a citizen of California, an assertion which Plaintiff does not dispute.  Accordingly,

---

[3]  As discussed below, Plaintiff does include in her complaint a claim of fraud, but such concerns Plaintiff's claim that the assignment to Defendant Deutsche Bank of her mortgage was fraudulent or otherwise improper and does not implicate the "foreclosure process itself."

-5-

because Deutsche Bank, the only properly joined and served defendant, has consented to removal, and there exists diversity between Plaintiff and Deutsche Bank, removal of this action to this Court was not improper. The Court must also, however, determine whether it can properly exercise jurisdiction over the subject matter of Plaintiff's complaint.

        B.        Subject Matter Jurisdiction

Having determined that there exists diversity between Plaintiff and Defendant Deutsche Bank, the Court must also ensure that the amount in controversy requirement, necessary to exercise diversity jurisdiction, is satisfied. *See* 28 U.S.C. § 1332 (a federal district court may exercise jurisdiction over certain state law matters brought between citizens of different states, but only "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs"). Defendant, having removed the matter to this Court, bears the burden to demonstrate that the amount in controversy is satisfied. *See, e.g., McGhee v. CitiMortgage, Inc.*, 834 F.Supp.2d 708, 712 (E.D. Mich. 2011) (citations omitted). Nevertheless, Defendant "does not face a daunting burden" and "need only show by a preponderance of the evidence that the amount in controversy requirement for a diversity action has been met." *Ibid.* (citations omitted).

In her complaint, Plaintiff alleges that the amount in controversy exceeds twenty five thousand dollars, but "does not currently exceed seventy five thousand dollars ($75,000.00) exclusive of interest, costs and attorney fees." Defendant Deutsche Bank disputes this assertion, however, arguing that the amount in controversy in this matter is determined by reference to the value of the property which Plaintiff seeks to recover in this action.

When assessing whether the amount in controversy is satisfied where a plaintiff seeks to quiet title to property following a foreclosure sale, courts have looked to two different criteria: (1)

the market value of the property and (2) the amount owed on the mortgage loan. *See McGhee.*, 834 F.Supp.2d at 711-12. The Court is persuaded by the *McGhee* court's conclusion that the market value of the property in question is the appropriate measure because "that approach best conforms to the requirement that the Court consider the amount in controversy from the perspective of the plaintiff, with a focus on the economic value of the rights [s]he seeks to protect." *Ibid.* (citations omitted); *see also, Gama v. U.S. Bank National Association*, 2015 WL 7252411 at *4-5 (D. Colo., Nov. 16, 2015) (where plaintiff seeks to quiet title as a result of an allegedly improper foreclosure sale, the amount in controversy is determined by reference to the value of the property in question).

The Court need not resolve this particular dispute, however, because under either formulation, the amount in controversy is satisfied in this instance. Defendant has submitted evidence, unrefuted by Plaintiff, that as of the date of the October 2016 foreclosure sale, the outstanding balance on Plaintiff's mortgage was one hundred eighty-six thousand, seven hundred twenty-four dollars and thirty-nine cents ($186,724.39). (ECF No. 18, Exhibit A). With respect to the market value of foreclosed property, courts have considered evidence such as market analysis or the foreclosure auction sale price. *See, e.g., McGhee*, 834 F.Supp.2d at 710. Defendant has submitted evidence that whether measured by the auction sale price or the taxing authority's valuation, the value of the property exceeds $75,000. (ECF No. 1, Exhibit C; ECF No. 10, Exhibit 9). The Court concludes, therefore, that the amount in controversy is satisfied making appropriate the exercise of subject matter jurisdiction in this matter.

**II.        Defendant Capel's Motion to Dismiss**

Defendant Capel asserts that he is entitled to relief because Plaintiff's allegations fail to state a claim upon which relief may be granted. A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). As the Supreme Court more recently held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

As discussed above, because the statutory redemption period has expired in this matter, Plaintiff's rights in the subject property have been extinguished. The only avenue of relief Plaintiff can pursue at this juncture is to demonstrate that Defendant engaged in fraud "related to the foreclosure process." As previously noted, Plaintiff has made no such allegations against Defendant Capel. Accordingly, the undersigned recommends that Defendant Capel's motion to dismiss be granted.

**III.        Defendant Deutsche Bank's Motion to Dismiss**

Defendant Deutsche Bank likewise seeks relief on the ground that Plaintiff's allegations fail to state a claim on which relief may be granted. Again, because the statutory redemption period has expired, Plaintiff's rights in the property have been extinguished and she can

obtain relief only if she can demonstrate that Defendant engaged in fraud "related to the foreclosure process." Plaintiff has not alleged that Deutsche Bank engaged in such fraud. Accordingly, the Court finds that Deutsche Bank is entitled to relief.

The Court does note that while Plaintiff has advanced a claim of fraud against Defendant Deutsche Bank, such concerns Plaintiff's allegation that the assignment to Deutsche Bank of her mortgage was fraudulent. This allegation does not concern the foreclosure process itself and, therefore, does not alter the conclusion that Deutsche Bank is entitled to relief. Moreover, even if this allegation is interpreted as implicating the foreclosure process, the result is the same because this claim is without merit.

Absent an allegation that she "may be forced to pay the same debt twice," Plaintiff lacks standing to challenge an assignment to which she was not a party. *See, e.g., Poole v. Federal National Mortgage Association*, 2016 WL 3085765 at *4 (W.D. Mich., June 2, 2016) (interpreting Michigan law); *Kiser v. Bank of America, N.A.*, 2014 WL 6893519 at *2 (W.D. Mich., Dec. 5, 2014) (interpreting Michigan law). Plaintiff argues that because she satisfied her mortgage by way of a July 2010 payment in the amount of seventeen thousand, three hundred thirty-eight dollars and two cents ($17,338.02), the assignment of her mortgage to Deutsche Bank and the subsequent foreclosure and sale of her property was fraudulent.

Defendant, however, has demonstrated that the July 2010 payment did not, in fact, satisfy Plaintiff's mortgage. As noted above, Plaintiff's property was first sold at foreclosure auction in February 2010. In July 2010, Plaintiff made the aforementioned payment in the amount of $17,338.02, after which the sale was rescinded and the original mortgage reinstated. Plaintiff's July 2010 payment did not satisfy her mortgage, but instead merely satisfied the default, permitting Plaintiff

to set aside the foreclosure sale and continue making payments on her mortgage going forward. (ECF No. 18, Exhibit A). When Plaintiff later again defaulted, the property was again sold at foreclosure auction. In sum, because there was no danger that Plaintiff might "be forced to pay the same debt twice," she lacks standing to challenge the assignment to Deutsche Bank of her mortgage. Accordingly, this claim of fraud affords Plaintiff no opportunity for relief.

### IV.        Plaintiff's Motion for Default Judgment

Plaintiff moves the Court "for judgment by default" against Defendants Argent Mortgage, Argent Securities, and Deutsche Bank. Plaintiff argues that entry of judgment against these Defendants is appropriate because Defendants, despite being properly served, have failed to properly respond to the complaint. The Court disagrees. First, there is no evidence in the record that service has been effected on Defendant Argent Mortgage. Second, as discussed above, Defendant Argent Securities is not a proper party to this action. Finally, Defendant Deutsche Bank timely filed a motion to dismiss. In sum, entry of default is not appropriate as to Defendants Argent Mortgage, Argent Securities, or Deutsche Bank. Accordingly, the undersigned recommends that Plaintiff's motion be denied.

### CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendant's Motion to Dismiss, (ECF No. 9), be **granted**; Defendant's Motion to Dismiss, (ECF No. 16), be **granted**; and Plaintiff's Motion for Default Judgment, (ECF No. 12), be **denied**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Dated: January 2, 2018                    /s/ Ellen S. Carmody
ELLEN S. CARMODY
U.S. Magistrate Judge