UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GRETCHEN MOLOTKY,

               Plaintiff,                                     Hon. Janet T. Neff

v.                                                  Case No. 1:17-cv-523

BRUCE CAPEL, et al.,

               Defendants.

_____/

## REPORT AND RECOMMENDATION

       This matter is before the Court on Defendant Potestivo's Motion to Dismiss.  (ECF No. 23).   Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be **granted** and this matter **terminated**.

## BACKGROUND

       Plaintiff initiated this action in state court on April 20, 2017, against: (1) Bruce Capel; (2) Argent Mortgage Company, LLC (hereinafter Argent Mortgage); (3) Potestivo & Associates, P.C. (hereinafter Potestivo); (4) Argent Securities, Inc., Asset-Back Pass-Through Certificates, Series 2006-W1 (hereinafter Argent Securities); and (5) Deutsche Bank National Trust Company, as Trustee in Trust for the Benefit of the Certificateholders for Argent Securities, Inc., Asset-Back Pass-Through Certificates, Series 2006-W1 (hereinafter Deutsche Bank).   In her complaint, Plaintiff advanced several claims all with the same goal, to rescind the foreclosure and sale of her former residence.

The following facts are not in dispute.   In 2005, Plaintiff obtained a loan in the amount of $141,100 in return for which Plaintiff executed a mortgage on her residence.   (ECF No. 10, Exhibit 1).   Plaintiff defaulted on her loan obligations in 2009 after which foreclosure proceedings were initiated.   (ECF No. 18, Exhibit A).   In February 2010, Plaintiff's residence was sold at auction. (ECF No. 10, Exhibit 7).   In July 2010, prior to the expiration of the statutory redemption period, Plaintiff made payment in the amount of $17,338.02, after which the sale of her residence was rescinded and the original mortgage reinstated.   (ECF No. 10, Exhibit 7; ECF No. 18, Exhibit A).   In 2014, Plaintiff again defaulted on her loan obligations after which foreclosure proceedings were again initiated.   (ECF No. 18, Exhibit A).   Plaintiff's residence was sold at auction in October 2016 to Deutsche Bank.   (ECF No. 10, Exhibit 9).   Plaintiff alleges that Deutsche Bank transferred the property to Bruce Capel in January 2017.   (ECF No. 1, Exhibit A).

In April 2017, Plaintiff initiated the present action seeking to rescind the foreclosure and sale of her residence.   On June 9, 2017, Defendant Deutsche Bank removed the matter to this Court on the basis of diversity jurisdiction.   Defendants Capel and Deutsche Bank subsequently moved to dismiss Plaintiff's claims.   Plaintiff failed to respond to either motion.   On January 2, 2018, the undersigned recommended that Defendants' motions be granted, a recommendation which the Honorable Janet T. Neff subsequently adopted.   (ECF No. 20-21).   Defendant Potestivo, the only remaining defendant, now moves to dismiss Plaintiff's claims.   Plaintiff has failed to respond to the present motion.

## ANALYSIS[1]

Plaintiff alleges in her complaint that her home was foreclosed by advertisement, also known as non-judicial foreclosure.[2]  When a house is foreclosed in this manner, the mortgagor is afforded a six-month period to redeem the property.  *See Conlin v. Mortgage Electronic Registration Systems, Inc.*, 714 F.3d 355, 359 (6th Cir. 2013) (interpreting Michigan law).  However, once this statutory redemption period expires, "the mortgagor's right, title, and interest in and to the property are extinguished."  *Ibid.* (interpreting Michigan law).  Moreover, initiating legal action does not toll the statutory redemption period.  *See Bethel Deliverance Tabernacle International v. Vigneron*, 2016 WL 1719143 at *2 (Mich. Ct. App., Apr. 28, 2016); *Gorbach v. US Bank National Assoc.*, 2014 WL 7440290 at *4 (Mich. Ct. App., Dec. 30, 2014).

Once the statutory redemption period expires, a foreclosure sale can be set aside only where the mortgagor makes "a clear showing" of fraud "related to the foreclosure process itself." *Garcia v. Federal National Mortgage Assoc.*, 2014 WL 2210784 at *3-4 (W.D. Mich., Apr. 30, 2014) (interpreting Michigan law).  The mortgagor must further demonstrate that "she was prejudiced by the defendant's failure to comply with the requirements of the foreclosure statute."  *Id.* At *4 (interpreting Michigan law).  To make this showing, the mortgagor must show "that she would have been in a better position to preserve her interests absent the fraud."  *Ibid.* (interpreting Michigan law). Because Plaintiff has not alleged that Defendant Potestivo committed fraud "related to the foreclosure

---

[1]  In its previous Report and Recommendation, the Court addressed the issues of removal and subject matter jurisdiction, concluding that this matter was properly removed to federal court and, furthermore, that this court could properly exercise subject matter jurisdiction over Plaintiff's claims.  (ECF No. 20).  Accordingly, the Court need not address these issues again.

[2]  Foreclosure by advertisement is expressly permitted by Michigan law.  *See* Mich. Comp. Laws § 600.3204; *Senters v. Ottawa Sav. Bank, FSB*, 503 N.W.2d 639, 641 (Mich. 1993).

process itself," she cannot avail herself of this exception.[3]    Thus, because the six-month redemption period long ago expired, Plaintiff's rights in the subject property have been extinguished and her claims against Defendant Potestivo fail.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that <u>Defendant Potestivo's Motion to Dismiss</u>, (ECF No. 23), be **granted** and this matter **terminated**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.   28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,


Dated: April 6, 2018                              /s/ Ellen S. Carmody
                                                 ELLEN S. CARMODY
                                                 United States Magistrate Judge

---

[3]  Plaintiff does include in her complaint a claim of fraud, but such concerns Plaintiff's claim that the assignment to Defendant Deutsche Bank of her mortgage was fraudulent or otherwise improper and does not implicate the "foreclosure process itself."