UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GRETCHEN MOLOTKY,

        Plaintiff,                                    Hon. Janet T. Neff

v.                                                       Case No. 1:17-cv-523

BRUCE CAPEL, et al.,

        Defendants.

_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff's claims against Defendant Argent Mortgage Company, LLC. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's claims against Defendant Argent Mortgage Company, LLC be **dismissed for failure to timely effect service**.

Plaintiff initiated this action in state court on April 20, 2017, against: (1) Bruce Capel; (2) Argent Mortgage Company, LLC (hereinafter Argent Mortgage); (3) Potestivo & Associates, P.C.; (4) Argent Securities, Inc., Asset-Back Pass-Through Certificates, Series 2006-W1; and (5) Deutsche Bank National Trust Company, as Trustee in Trust for the Benefit of the Certificateholders for Argent Securities, Inc., Asset-Back Pass-Through Certificates, Series 2006-W1. The matter was subsequently removed to this Court. Plaintiff's claims have all since been dismissed, save her claims against Defendant Argent Mortgage against which service has not been effected.

While Plaintiff initiated this action in state court, upon removal to this Court the Federal Rules of Civil Procedure must apply. *See* Fed. R. Civ. P. 81(c)(1). Federal Rule of Civil Procedure

4(c) indicates that "[a] summons must be served with a copy of the complaint."  The time frame within which service must be effected is articulated in Rule 4(m), which provides that if service of the summons and complaint is not made upon a defendant within 90 days after the filing of the complaint, "the court - on motion or on its own initiative after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  *See also*, *Abel v. Harp*, 122 Fed. Appx. 248, 250 (6th Cir., Feb. 16, 2005) ("[a]bsent a showing of good cause to justify a failure to effect timely service, the Federal Rules of Civil Procedure *compel* dismissal") (emphasis added).

This matter was removed to this Court on June 9, 2017.  More than ten months have passed since and Plaintiff has neither effected service on Defendant Argent Mortgage nor moved the Court for an extension of time to effect service.  Considering Plaintiff's lack of diligence in this matter, the undersigned recommends that Plaintiff's claims against Defendant Argent Mortgage be dismissed without prejudice for failure to timely effect service.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Plaintiff's claims against Defendant Argent Mortgage Company, LLC be **dismissed for failure to timely effect service** and this matter **terminated**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).

Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                              Respectfully submitted,

Dated: June 21, 2018                          /s/ Ellen S. Carmody
                                                     ELLEN S. CARMODY
                                                     United States Magistrate Judge